UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, an Illinois
corporation,

          Plaintiff,

  v.

WILLIAM "ROCK" NEWTON,

          Defendant.

Case No. 3:21-cv-01401-YY

OPINION AND ORDER

YOU, Magistrate Judge.

      In this declaratory judgment action, plaintiff, the insurer, seeks a determination on the amount of coverage it owes to defendant, the insured, relating to defendant's motor vehicle accident with an uninsured motorist. Defendant holds three vehicle insurance policies with plaintiff. The parties dispute whether coverage is available under defendant's insurance policies that list vehicles other than the one defendant occupied at the time of the accident. Plaintiff has filed a motion for summary judgment (ECF 46), which is granted for the reasons discussed herein.

**I.    Summary Judgment Standard**

      Under Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is

1 – OPINION AND ORDER

entitled to judgment as a matter of law." In other words, only disputes over facts that are outcome determinative preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Furthermore, the dispute must be genuine, "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

"Reasonable doubts as to the existence of material factual issue are resolved against the moving parties and inferences are drawn in the light most favorable to the non-moving party." *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). Where the parties agree as to the material facts and the remaining dispute is one of statutory interpretation, the case may be properly resolved on a motion for summary judgment. *Smith v. Califano*, 597 F.2d 152, 154–55 (9th Cir. 1979). Contract interpretation, similarly, is a question of law. *Beck Park Apartments v. U.S. Dep't of Hous. & Urb. Dev.*, 695 F.2d 366, 369 (9th Cir. 1982) (citing *Libby, McNeill and Libby v. City Nat'l Bank*, 592 F.2d 504, 512 (9th Cir. 1978)). "Whether a contract is ambiguous is also a question of law." *Id.* (citing *United States v. Sacramento Mun. Util. Dist.*, 652 F.2d 1341, 1343 (9th Cir. 1981)).

**II.  Discussion**

The material facts are undisputed: defendant owns three vehicles that he insures under three policies with plaintiff. *See* Resp. 1, ECF 67. The parties contest the interpretation of the policy language governing the scope of coverage. The policies contain identical provisions that state as follows:

> "Exclusions
>
> THERE IS NO COVERAGE FOR AN *INSURED*:
>
> . . . .

2 – OPINION AND ORDER

> 9. WHILE MAINTAINING OR USING ANY VEHICLE OTHER THAN *YOUR CAR*, A *NEWLY ACQUIRED CAR*, A *TEMPORARY SUBSTITUTE CAR*, OR A *TRAILER* IN ANY BUSINESS OR OCCUPATION OTHER THAN A *CAR BUSINESS* OR VALET PARKING."

Walker Decl., Ex. 1 at 13, ECF 46-2; *id.*, Ex. 2 at 12, ECF 46-3; *id.*, Ex. 3 at 16, ECF 46-4 (emphasis in the original).[1]

The term "*Your Car*" is defined as "the vehicle shown under 'YOUR CAR' on the Declarations Page." *Id.*, Ex. 1 at 10, ECF 46-2; *id.*, Ex. 2 at 10, ECF 46-3; *id.*, Ex. 3 at 14, ECF 46-4. Critically, each of the three policies identifies a different one of defendant's vehicles. *Id.*, Ex. 1 at 4, ECF 46-2 (listing the 2013 Ford C-Max); *id.*, Ex. 2 at 2, ECF 46-3 (listing the 2003 BMW Z4); *id.*, Ex. 3 at 2, ECF 46-4 (listing the 1980 Mercedes 300).

Defendant first asserts that, because his three vehicles are listed as "Your Car," albeit on separate policies, and because he was operating one of those listed vehicles when the accident occurred, all three of his policies provide coverage for the accident. Resp. 3, ECF 67. Plaintiff counters that the only applicable policy is the one that lists the vehicle involved in the accident. Reply 5–6, ECF 68. In support of its interpretation, plaintiff relies on the opinion in *Sosa v. State Farm Mut. Auto. Ins. Co.*, a case from this district in which identical policy language was analyzed. No. 6:22-CV-00059-MC, 2022 WL 17251351 (D. Or. Nov. 28, 2022), *aff'd*, No. 22-36051, 2023 WL 5527849 (9th Cir. Aug. 28, 2023). Sosa, like defendant here, possessed multiple vehicles, which he insured under multiple insurance policies. *Id.* at *2. The insurance policies contained the same exclusionary language, limiting coverage to the insured's use of "Your Car" as defined in the policy declaration. *Id.* Sosa was involved in a motor vehicle

---

[1] The policies italicize the terms that are defined in the policies.

3 – OPINION AND ORDER

accident and sought coverage under all of his insurance policies, asserting that the term "Your Car" should be construed to mean any of the vehicles described in his policies. *Id.* Judge McShane rejected that interpretation, holding that "Your Car" referred only to the vehicle listed on the Declarations Page of each policy, and found that coverage existed only as to the policy listing the vehicle in which the plaintiff was injured. 2022 WL 17251351 at *2. The Ninth Circuit affirmed in an unpublished opinion on appeal, similarly observing that "the car in which Sosa was injured is not shown on the Declarations Page attached to his other policies," and holding that "because that car was not covered by his . . . other policies, those policies excluded coverage for his injuries." 2023 WL 5527849 at *1.

As the *Sosa* decisions recognize, the policy language at issue here is clear and unambiguous—each policy provides coverage only for the vehicle listed on the Declarations Page of that policy. There is no indication that the term "Your Car" refers to vehicles listed on the Declarations Pages of other, separate policies. Because the vehicle that defendant was using at the time of the accident is not listed on the Declarations Pages of defendant's two other policies, those policies do not provide coverage for the accident.

Defendant next asserts that, to the extent the policies do not permit simultaneous coverage, the policies are inconsistent with Oregon's model insurance policy, O.R.S. 742.502 and O.R.S. 742.504, and the Oregon Supreme Court's decision in *Batten v. State Farm Mut. Auto. Ins. Co.*, 368 Or. 538 (2021). Resp. 2–3, ECF 67. O.R.S. 742.504 requires insurers to provide policies that are "no less favorable in any respect to the insured or the beneficiary than" the codified model policy. *Id.* (citing O.R.S. 742.502). But the model policy contains an exclusionary provision similar to the one at issue here—it excludes coverage for injuries to an insured occupying a vehicle "other than an insured vehicle," O.R.S. 742.504(4)(b)—and the

policy defines an "insured vehicle" as "[t]he vehicle described in the policy." O.R.S. 742.504(2)(d). Thus, plaintiff's policies, which limit coverage to the vehicle listed on the Declarations Page, are consistent with Oregon's model policy.

Furthermore, *Batten* is inapplicable. *Batten* concerned an insurance policy provision that limited coverage when multiple policies applied to the same injury. 368 Or. at 558. The provision capped coverage to the amount listed in the single policy with the highest policy limit. *Id.* Oregon's model policy provides no similar limitation on coverage; therefore, the Oregon Supreme Court held that because the insurer's policy was less favorable than the model, the policy was unenforceable. *Id.* at 558–59. Conversely, the instant case does not involve multiple applicable policies—only one of defendant's policies applies to the accident. Moreover, unlike the provision in *Batten*, the provision at issue here mirrors the language in the model policy.

Lastly, defendant contends that the parties' dispute as to the interpretation of the contract constitutes a factual dispute that precludes summary judgment. To the contrary, contract interpretation is a question of law. *Beck Park Apartments*, 695 F.2d at 369. Because there are no genuine issues of material fact and plaintiff is entitled to judgment as a matter of law, summary judgment is granted in plaintiff's favor.

## ORDER

Plaintiff's Motion for Summary Judgment (ECF 46) is GRANTED. Judgment shall be entered in favor of plaintiff:

(1) For a declaration that the policies issued to defendant do not stack;

(2) For a declaration that the policies issued to defendant provide a maximum of $50,0000 in potential UM coverage for the accident; and

(3) For a declaration that plaintiff owes no UM coverage to defendant under the policies issued on the 2003 BMW Z4 or the 1980 Mercedes Benz.

Plaintiff may submit a Bill of Costs, which will be resolved pursuant to Federal Rule of Civil Procedure 54(d)(1).

DATED December 15, 2023.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge